UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DAWN FIGMAN,

                          Plaintiff,

-against-

NEW YORK CITY OF NEW YORK; THE PATROLMAN'S BENEVOLENT ASSOCIATION OF THE CITY OF NEW YORK; CITY OF NEW YORK FDNY,

                          Defendants.

20-CV-2833 (LLS)

ORDER OF DISMISSAL

---

LOUIS L. STANTON, United States District Judge:

Plaintiff brings this action *pro se*, asserting claims under 42 U.S.C. §§ 1983, 1985, and 1986. By order dated May 12, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Plaintiff makes the following allegations:

> Plaintiff Dawn Figman requests equitable relief, compensation, and punitive damages. The complaint is sorrowful. Continuous wanton racist violent civil rights crimes, racist sexual harms, racist false witnesses, victim tampering, racist larcenies, fraud, harassment, racist planned perjuries, slander, retaliation on race and religion, and racist financial felonies from violent racists that are employees of the United States, NYC, NY, NYPD, emergency room, and EMS FIRE harmed me in violation of 42 U.S.C. 1983, 1985, 1986. They are manipulative, and they cause wanton racist violent harms. They violate an order of protection that prohibits their third person contact. I am the victim. I am a victim of racist violent criminals in Europe and in the US.

(ECF 2 at ¶ 1.) Plaintiff further alleges:

> The US Attorney in DC gave a complaint on racist violent criminals that falsify law and that falsify EMS to cause a shooting at Catholic University on religion, Jewish.

(*Id.* at ¶ 2.)

Plaintiff discusses various incidents that took place during the past few years:

> In NYC, on or about August 13, 2019, employees of NYC that seem with US employees harmed me at Panera Bread: They do not feel that Mr. Berman should have suspended them about August 11 and 12, 2019. With some that seem of U.S. military, they are causing racist violent crimes on religion, Jewish. They are harming me at Panera Breads. While the restaurant is vacant and with open tables, they force themselves into my table. I do not know them. They hope to cause concussions. . . .

> On or about April 9, 2015, EMS Fire and NYPD harmed a manager of a corporation that I worked with at Central Marketing Inc. They harmed his body and property on the basis of my religion, Jewish. Please reimburse the manager that NYC harmed. They are harassers and stalkers causing additional racist violent felonies with additional racist violent criminals. . . .

2

(*Id.* at ¶¶ 2-3.)[1]

Plaintiff seeks $750,000 in compensatory damages plus punitive damages and unspecified equitable relief. (*Id.* at 8.)

## DISCUSSION

### A. Rule 8 Pleading Requirements

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

The Court is unable to determine from the complaint what any defendant allegedly did or failed to do that violated Plaintiff's rights. Plaintiff's allegations fail to comply with Rule 8 and are subject to dismissal on that basis. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[1] Plaintiff previously sued Central Marketing. *See Figman v. Central Marketing*, No. 16-CV-9540 (S.D.N.Y. Apr. 6, 2017) (complaint alleging, among other things, discrimination based on Plaintiff's white race, voluntarily dismissed). She also previously sued the same defendants named in this complaint. *See Figman v. City of New York*, No. 18-CV-3651 (CM) (S.D.N.Y. July 11, 2018) (complaint voluntarily dismissed). *See also Figman v. NYC Commission On Human Rights*, No. 17-CV-5021 (S.D.N.Y. July 27, 2017) (dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)); *Figman v. Suffolk Cnty.*, No. 01-CV-6301 (E.D.N.Y. Jul. 25, 2001) (dismissed with prejudice).

B.        **Conspiracy to Violate Civil Rights**

To state a claim under § 1985, a plaintiff must allege (1) a conspiracy (2) for the purpose of depriving a person or class of persons of the equal protection of the laws, or the equal privileges and immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property, or a deprivation of a right or privilege of a citizen of the United States. *Cine SK8, Inc. v. Town of Henrietta*, 507 F.3d 778, 791 (2d Cir. 2007). Furthermore, the conspiracy must be motivated by "some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action." *Palmieri v. Lynch*, 392 F.3d 73, 86 (2d Cir. 2004) (quotation omitted).

"[C]omplaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed; diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct." *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 324-25 (2d Cir. 2002). Claims under § 1985 must be alleged "with at least some degree of particularity" and must include facts showing that the "overt acts which defendants engaged in . . . were reasonably related to the promotion of the claimed conspiracy." *Hernandez v. Goord*, 312 F. Supp. 2d 537, 546 (S.D.N.Y. 2004).

Here, Plaintiff fails to allege an agreement or factual details concerning the inception or operation of any conspiracy. She merely provides conclusory allegations that defendants or other individuals not named in the complaint have conspired against her. Plaintiff's vague allegations of conspiracy fail to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Because "a § 1986 claim must be predicated upon a valid § 1985 claim," *Morales v. City of New York*, 59 F. Supp. 3d 573, 581 (S.D.N.Y. 2014) (quoting *Mian v. Donaldson, Lufkin & Jenrette*

4

*Sec. Corp.*, 7 F.3d 1085, 1087-88 (2d Cir. 1993)), Plaintiff's § 1986 claims must also be dismissed.

### C. Claims against the City of New York

When a plaintiff sues a municipality under § 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a § 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Plaintiff does not plead any facts suggesting how the City of New York was responsible for any of her alleged injuries. Her complaint does not show the existence of any policy, custom, or practice that caused a violation of her rights. The Court therefore dismisses any claims Plaintiff seeks to assert under 42 U.S.C. § 1983 against the City of New York.

### D. Claims Lacking an Arguable Basis

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the

level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted). Additionally, "a complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989)).

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, the Court, after reviewing Plaintiff's complaint, finds that it lacks any arguable basis in law or in fact, *see Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Plaintiff's factual allegations rise to the level of the irrational and there is no legal theory on which she can rely. *See Livingston*, 141 F.3d at 437. Plaintiff's complaint must therefore be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend her complaint.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). This order will be mailed in chambers.

SO ORDERED.

Dated: May 12, 2020
New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.