UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAWN FIGMAN,

                Plaintiff,

        -against-

NEW YORK CITY OF NEW YORK; THE PATROLMEN'S BENEVOLENT ASSOCIATION; CITY OF NEW YORK FDNY,

                Defendants.

20-CV-2833 (LLS)

ORDER

LOUIS L. STANTON, United States District Judge:

    Plaintiff filed this action *pro se*. On May 12, 2020, the Court dismissed the complaint for failure to state a claim on which relief can be granted and as frivolous. Nearly one year later, on May 7, 2021, Plaintiff filed a motion under Rule 60(b) of the Federal Rules of Civil Procedure seeking relief from the judgment (ECF 8-10). After reviewing the arguments in Plaintiff's submissions, the Court denies the motion.

## DISCUSSION

    Under Rule 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

    The Court has considered Plaintiff's arguments, and even under a liberal interpretation of

her motion, Plaintiff fails to demonstrate that any of the grounds listed in the first five clauses of Rule 60(b) apply. The Court therefore denies Plaintiff relief under the first five clauses of Rule 60(b).

To the extent that Plaintiff seeks relief under Rule 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted). Plaintiff has failed to demonstrate that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950). Plaintiff's motion for relief under Rule 60(b)(6) must therefore be denied.

## CONCLUSION

Accordingly, Plaintiff's motion for reconsideration (ECF 8) is denied. Plaintiff has consented to receive electronic service via the ECF system. (ECF 7.)

SO ORDERED.

Dated:   October 6, 2021
         New York, New York

                                                    _____
                                                              Louis L. Stanton
                                                                 U.S.D.J.